**STATE OF WISCONSIN ex rel. Garth R. SEEHAWER et al., Plaintiffs,**

v.

**Wilbur SCHMIDT, as Secretary of the Department of Health and Social Services, State Department of Health and Social Services, and the State of Wisconsin, Defendants.**

**No. 72-C-269.**

United States District Court, E. D. Wisconsin.

July 9, 1973.

Judgment Affirmed Dec. 17, 1973. See 94 S.Ct. 832.

Dennis J. Flynn, Corporation Counsel, Racine, Wis., for plaintiff.

Robert W. Warren, Wisconsin Atty. Gen., by Ward L. Johnson, Madison, Wis., for defendant.

Before SWYGERT, Circuit Judge, TEHAN, Senior District Judge, and GORDON, District Judge.

## DECISION and ORDER

PER CURIAM.

The plaintiffs brought this action under 42 U.S.C. § 1983 claiming that § 49.-52 of the Wisconsin statutes is in violation of the equal protection clause of the fourteenth amendment to the United States Constitution. They have now moved for a summary judgment declaring § 49.52 invalid and ordering revision of the policy embodied therein.

We believe that there is no genuine issue of material fact and, therefore, that summary judgment is an appropriate means of resolving this case. We find, however, that the plaintiffs are not entitled to prevail; whatever merit their position has in logic and formerly may have had in law has been severely undercut by the United States Supreme Court in San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Section 49.52 involves a legislative scheme for partially reimbursing Wisconsin counties for the non-federal portion of categorical assistance payments made to welfare recipients within the counties. Section 49.52(2)(a)2 contains a sliding scale for reimbursement whereby state funds are paid to the counties in an inverse relationship to the value of general taxable property within each county. Thus, "richer" counties receive as little as 45% (the plaintiff Racine County receives 50%) whereas, "poorer" counties receive as much as 80% reimbursement. Since the formula does not reflect the number of welfare recipients in each county, a county with a great number of welfare recipients and a high total property value pays out relatively more and recovers relatively less than a county with a lesser number of welfare recipients and a lower total property value. The amount not reimbursed must come from the county's property taxes. This result, it is urged, violates the equal protection rights of citizens residing in wealthier counties with greater numbers of categorical assistance recipients.

We are asked here to examine a state's law, and we note that the circumstances do not warrant "searching judicial scrutiny", in the words of San Antonio Independent School District v. Rodriguez, 93 S.Ct. 1278. The class of citizens allegedly discriminated against is "unified only by the common factor of residence in districts that happen to have [more] taxable wealth than other districts." 93 S.Ct. at 1294. Therefore, the classification does not make the class

"suspect" in the words of *Rodriguez*. 93 S.Ct. 1278. Furthermore, the law challenged does not interfere with the exercise of fundamental rights and liberties explicitly or implicitly protected by the Constitution.

> "The Constitution may impose certain procedural safeguards upon systems of welfare administration, Goldberg v. Kelly, *ante*, [397 U.S.] p. 254 [90 S. Ct. 1011, 25 L.Ed.2d 287]. But the Constitution does not empower this court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1163, 25 L.Ed.2d 491 (1970).

In the absence of a showing of a law operating to the disadvantage of a suspect class or interfering with fundamental rights or liberties, the strict judicial scrutiny test is inapplicable. 93 S.Ct. 1278. It is particularly inapplicable where, as here, the case involves "the making of wise decisions with respect to the raising and disposition of public revenues." 93 S.Ct. at 1301.

The proper test to be applied, then, is "the traditional standard of review, which requires only that the state's system be shown to bear some rational relationship to legitimate state purposes." 93 S.Ct. at 1300. *See also* Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). The state purpose urged by the defendants here is to aid poorer counties and welfare recipients residing in those counties. It is uncontroverted that in the absence of complete state assumption of the categorical assistance burden, poorer counties need a greater degree of financial help to adequately sustain their welfare programs. We believe that the purpose urged is reasonable and does satisfy the traditional test.

Perhaps the programs could be designed to be more mathematically precise and to cast a more balanced burden on the counties. Presumably that would be possible by adopting a formula re-flecting annual averages or actual numbers of welfare recipients residing within each county. Arguably the problem presented here could be obviated by the state's assuming the entire cost. However, it is clear that this court is not the proper body to make such determinations. We find that the system of reimbursement provided in § 49.52, Wis. Stats., bears a rational relationship to a legitimate state purpose, and with that our inquiry must end.

We conclude therefore, that the plaintiffs are not entitled to prevail on their motion for summary judgment. Since we do believe that resolution by summary judgment is proper, however, we would be inclined to grant such a motion if submitted by the defendants. The judgment anticipated is dismissal of the action.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.